FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 15  AM 7:32

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GRAYLAND CEASAR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-2710** |
| **SHERMAN WALKER CORRECTIONAL CENTER BOOKING DEPARTMENT, ET AL.** | **SECTION "B" (1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Grayland Ceasar, Jr., is presently incarcerated at the Sherman Walker Correctional Center, Laplace, Louisiana. Plaintiff filed this lawsuit, pursuant to 42 U.S.C. § 1983, against the Sherman Walker Correctional Center Booking Department, Sheriff Wayne Jones, Sharon Sealy, and Philip Mason. In this lawsuit, plaintiff alleged that his personal property was released without his permission to Grayland Ceasar, Sr.

Plaintiff has since filed a statement that he wishes "to drop the case," which the Court construes as a motion to dismiss the lawsuit.[1] The Court has contacted defense counsel, who stated that the defendants do not object to the complaint being dismissed with prejudice.

---

[1] Rec. Doc. 16.

Because all parties are in agreement that a voluntary dismissal is appropriate, the undersigned recommends that plaintiff's complaint be dismissed in accordance with his motion and that the dismissal be with prejudice. See Fed.R.Civ.P. 41(a)(2). However, in light of plaintiff's cooperation in dismissing this lawsuit, the undersigned further recommends that he be relieved of the obligation to repay any balance remaining on the filing fee.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's motion to dismiss be **GRANTED** and that his complaint be **DISMISSED WITH PREJUDICE.**

It is **FURTHER RECOMMENDED** that this Court's previous order directing the Warden to collect funds from plaintiff's inmate account to pay the filing fee in this matter be **RESCINDED** and that no further action be taken to collect the remaining unpaid balance of the filing fee.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fourteenth day of November, 2005.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE